IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


**TODD A. HENRY,**

    **Plaintiff,**

                                  Case No. 2:17-cv-1065
                                  Judge George C. Smith
    v.                                  Magistrate Judge Chelsey M. Vascura

**DARREL L. JOLLEY,** *et al.***,**

    **Defendant.**


**<u>REPORT AND RECOMMENDATION</u>**

Plaintiff, Todd A. Henry, brought this action in state court against Darrell L. Jolley ("Jolley"), Beatty Milk Hauling, Inc. ("Beatty Milk"), Metropolitan Group Property and Casualty Insurance Company ("Metropolitan"), and Anthem Blue Cross Blue Shield ("Anthem"), asserting a number of state-law claims. Defendants removed the action to this Court of the basis of diversity jurisdiction. This matter is before the undersigned for a Report and Recommendation on Plaintiff's Motion to Remand (ECF No. 10), Defendants' Response in Opposition in which they seek fees and costs pursuant to 28 U.S.C. § 1447(c) (ECF No. 17), and Plaintiff's Reply (ECF No. 19). For the reasons that follow, it is **RECOMMENDED** that Plaintiff's Motion be **DENIED** and Defendants' request for fees and costs be **DENIED**.

**I.**

Plaintiff is a citizen of Ohio. Defendant Jolley is a citizen of Pennsylvania. Defendant Beatty Milk is a Pennsylvania Corporation with its principal place of business in Pennsylvania. Defendant Metropolitan is a Rhode Island Corporation with its principal place of business in

Rhode Island. Plaintiff failed to assert any claim against Defendant Anthem Complaint. *See Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) (holding that remand is improper where "Plaintiffs failed to plead viable state law causes of action against the local Defendants"). Plaintiff concedes that there is complete diversity for the purposes of diversity jurisdiction. (ECF No. 10.)

On November 14, 2017, Plaintiff brought the instant action in the Jefferson County Court of Common Pleas. In his Complaint, Plaintiff alleges that he was injured in a 2016 automobile accident. He asserts a claim of negligence against Defendant Jolley; claims for vicarious liability, negligence, and negligent hiring and retention against Defendant Beatty Milk; and claims for insurance payments against Defendant Metropolitan. He makes no claims against Anthem.

Under the section of his Complaint labeled "DAMAGES," Plaintiff alleges he was "injured in and about his head, neck, back, body, body chemistry, and psyche; and inasmuch as his injuries are permanent and lasting in nature he has and will in the future suffer great pain of body and mind." (Compl. ¶ 30, ECF No. 4.) He then proceeds to delineate the following specific categories of damages:

a. Personal injuries to his body;

b. Medical bills and future medical bills in an amount presently undetermined;

c. Lost wages and benefits in an amount to be determined;

d. Future lost wages, earning capacity, and benefits;

e. Lost household services and lost future household services;

f. Physical pain and suffering, past and future;

g. Metal anguish and suffering, past and future;

    h. Physical impairment and disfigurement;

    i. Loss of capacity to enjoy life and engage in normal activities, past and future; and

    j. Annoyance and inconvenience, humiliation, embarrassment, and aggravation, past and future.

(*Id*. at ¶ 31(a)-(j).) Plaintiff concludes his Complaint with a demand for judgment against Defendants "in an amount in excess of Twenty-Five Thousand Dollars ($25,000.00), together with the cost of this action, and such other relief to which [he] may be entitled." (*Id.*)

On December 11, 2017, Defendants removed this action on the basis of diversity jurisdiction. (ECF No. 1.)

On January 8, 2018, Plaintiff filed the subject Motion to Remand, asserting that Defendants failed to establish by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal. (ECF No. 10.) Plaintiff maintains that Defendants "fail[ed] to offer any competent proof that the amount in controversy exceeds $75,000.00" and instead alleged the amount in controversy in a "conclusory fashion." (*Id*. at PAGEID# 215) Plaintiff posits that beyond his demand for damages in excess of $25,000, which he points out is required by Ohio Rule of Civil Procedure 8(a), his Complaint is silent as to the value of his claims. Plaintiff further asserts that absent Defendants attaching evidence to the Notice of Removal proving the value of Plaintiff's claims, the value of the claims is based on only speculation and conjecture.

Defendants counter that a fair reading of the Complaint, combined with Plaintiffs medical bills (*see* ECF No. 17), demonstrates that Plaintiff's alleged damages more likely than not exceed $75,000. In support of their argument, Defendants point to existing medical bills Plaintiff produced totaling $43,680.60, which Defendants did not receive until after the time for filing a Notice of Removal had expired. Defendants also identify cases in which trial courts within the

Sixth Circuit have examined the plaintiff's allegations in assessing whether the amount-in-controversy requirement is satisfied. Finally, Defendants point out that Plaintiff refuses to stipulate that his damages do not exceed $75,000.

Plaintiff's Reply largely restates the arguments he made in his Motion to Remand. (ECF No. 19.) He does, however, add that because his health insurance has paid only $22,508.34 of the medical bills to date, Defendants cannot argue their liability is limited to the lower amount paid, but that the higher amount charged should be considered for the purposes of assessing the amount in controversy.

## II.

Generally, a defendant may remove a civil case brought in a state court to federal court if it could have been brought there originally. 28 U.S.C. § 1441(a); *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 871 (6th Cir. 2000). A federal court has original "diversity" jurisdiction where the suit is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of costs and interests. 28 U.S.C. § 1332(a); *Rogers*, 239 F.3d at 871.

"To remove a case from state court to federal court, a defendant must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014). When a plaintiff's complaint fails to contain a good-faith demand for monetary relief of a stated sum, the defendant's notice of removal may state the amount in controversy. *Id.* (citing 28 U.S.C. § 1446(c)(2)). The removing defendant's "short and plain" statement of the grounds for removal "need not contain evidentiary submissions." *Id.*

"The burden of persuasion for establishing diversity jurisdiction . . . remains on the party asserting it." *Hertz Corp. v. Friend,* 559 U.S. 77, 96 (2010) (citations omitted). When

allegations of jurisdictional facts are challenged, "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Dart Cherokee,* 135 S. Ct. at 554; see also *Hertz Corp*, 559 U.S. at 96–97 ("When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof"). "In gauging the amount in controversy, courts view the claims from the vantage point of the time of removal." *Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006).

### III.

The undersigned finds Defendants have satisfied their burden to demonstrate by a preponderance of the evidence that the amount in controversy exceeds $75,000. As a threshold matter, Plaintiff's contention that remand is required because "Defendants have not produced any evidence to prove the value of Plaintiff's claims," (ECF No. 10), is without merit. The United States Supreme Court considered and rejected such an argument, holding instead that a notice of removal "need not contain evidentiary submissions" supporting the allegation that the amount in controversy is satisfied. *Dart Cherokee*, 135 S. Ct. at 551. Moreover, Plaintiff's request for an amount "in excess of Twenty-Five Thousand Dollars," (Compl. ¶ 39, ECF No. 4), does not constitute a stated sum that the court can deem the amount in controversy. *See Davis v. Kindred Nursing Centers East, L.L.C.*, No. 2:05-cv-1128, 2006 WL 508802, at *2 (S.D. Ohio Mar. 2, 2006) ("The amount in controversy is not measured by the low end of an open-ended claim, but rather by a reasonable reading of the value of the rights being litigated." (citation omitted)). This Court must therefore consider the allegations and claims asserted in the Complaint together with the parties' evidentiary submissions. *Dart Cherokee*, 135 S. Ct. at 554 (holding that trial courts must consider parties' submissions of proof when the amount in

controversy is challenged); *Shupe v Asplundh Tree Expert Co.*, 556 F. App'x 476, 478 (6th Cir. 2014) ("A court must conduct a fair reading of the allegations in the complaint to determine the amount in controversy." (internal quotation marks and citations omitted)).

Here, a "fair reading" of the Complaint, together with Defendants' evidentiary submission, persuades the undersigned that it is more likely than not that the amount in controversy exceeds $75,000. As discussed above, in his Complaint, Plaintiff asserts various claims against Defendants arising from an auto accident. Plaintiff seeks compensatory damages for physical injuries, lost wages, pain and suffering, loss of household services, mental anguish, physical impairment and disfigurement, loss of enjoyment, and emotional injuries. As Defendants point out, there are numerous cases in which plaintiffs asserting claims and seeking damages similar to those asserted and sought in this instant action where courts have found the amount of controversy satisfied, even in the absence of damages specified in the Complaint. (*See* ECF No. 17 at PAGEID## 273-75 (citing *Kusmich v. J.C. Penny Corp.*, N.D. Ohio No. 5:05-CV-01586, 2005 WL 2233255 (Aug. 29, 2005) (denying motion to remand based on the plaintiff's alleged lasting physical injuries, lost wages, and medical expenses); *Driscoll v. Wal-Mart Stores East, Inc.*, No. 2:09-CV-00154, 2009 WL 4730709 (Dec. 10, 2009) (denying motion to remand based on the plaintiff's alleged physical injuries, as well as the damages sought for "medical bills; lost wages; pain and suffering; annoyance, inconvenience, mental and emotional anguish; and diminished ability to fully function and enjoy life")).)

Here, Plaintiff alleges injuries to both his body and "psyche," adding that "his injuries are permanent and lasting and nature." (Compl. ¶ 30, ECF No. 4.) The damages Plaintiff seeks are similar to the types of damages sought by the plaintiffs in *Kusmich* and *Driscoll.* In addition, the Court's research revealed several other Ohio plaintiffs who asserted similar claims and sought

damages similar to those asserted and sought in this action who obtained damages in excess of $75,000. *See, e.g., Simpson v. Dolan*, West's Jury Verdicts – Ohio Reports (Ohio C.P. 2015), 1000 WL 285598 (awarding $138,600 for lumbar injuries from an auto accident, including $6,800 for past medical bills); *Weidinger v. Kim*, West's Jury Verdicts – Ohio Reports (Ohio C.P. 2008), 2008 WL 5545311 (awarding $129,629.65 for injuries arising from an auto accident, including a concussion, post-concussive syndrome, associated physical injuries, medical expenses, loss of income, and loss of consortium); *Ressler v. Wagner*, West's Jury Verdicts – Ohio Reports (Ohio C.P. 2012) 2012 WL 2883961 (awarding $210,150 for injuries arising from an auto accident, including a concussion, traumatic brain injury, medical expenses, pain and suffering, and loss of income). Defendants also point out that Plaintiff has suffered past medical expenses in the amount of $43,680.60.

In summary, the undersigned is persuaded that Plaintiff's alleged damages, including his past medical expenses, lost wages, and pain and suffering, more likely than not exceed $75,000. *See Conrad v. McDonald's Corp.*, No. 2:15-cv-3127, 2016 WL 1638889, at *4 (S.D. Ohio Apr. 26, 2016), *adopted and aff'd*, 2016 WL 2853594 (S.D. Ohio May 16, 2016) ("Whether [the plaintiff's] claims will ultimately be successful is not relevant for the purposes of determining the amount in controversy, but a fair reading of the complaint must demonstrate that, if successful, it is more likely than not that damages will exceed the required amount.").

Plaintiff's arguments to the contrary lack merit. According to Plaintiff, Defendants' conclusion that the amount in controversy is met is based only on speculation and conjecture. In support of this argument, Plaintiff primarily relies on one case, *Richmond v. Populous Group, LLC*, No. 4:05 CV 01900, 2005 WL 2338824 (N.D. Ohio Sept. 23, 2005). *Richmond* does not persuade the undersigned to reach a different conclusion for several reasons. First, in *Richmond*,

because the plaintiff brought a sexual assault/harassment claim, she limited her request for damages to "loss of wages and benefits, emotional distress, humiliation, and a sense of outrage and [unspecified] punitive damages." *Richmond*, 2005 WL 2338824, at *1 (internal quotation marks and citation to the record omitted). Here, in contrast, Plaintiff seeks damages not only for lost wages, but also for physical and emotional injuries, as well as identifiable medical expenses. Second, the *Richmond* Court did not have the benefit of the Supreme Court's decision in *Dart Cherokee* in which the Court made clear that a "short and plain" statement in a notice of removal is sufficient and need not be accompanied by evidentiary submission or more detailed allegations. *Compare Dart Cherokee*, 135 S. Ct. at 551 ("To assert the amount in controversy adequately in the removal notice, does it suffice to allege the requisite amount plausibly, or must the defendant incorporate into the notice of removal evidence supporting the allegation? That is the single question argued here and below by the parties and the issue on which we granted review. The answer, we hold, is supplied by the removal statute itself. A statement 'short and plain' need not contain evidentiary submissions.") *with Richmond*, 2005 WL 233824, at *2 ("In deciding whether the amount in controversy has been satisfied, the district court may weigh the evidence presented to determine whether jurisdiction exists. Evidence may include party affidavits, demand in a prior action which is based on the same events as the present action, and pretrial testimony that plaintiff's claims for backpay would exceed the amount in controversy requirement. No such evidence regarding [the plaintiff's] claims is before this Court." (internal citations omitted)).

Plaintiff further asserts that the medical bills Defendants submit as evidence are insufficient to prove the amount in controversy. (ECF No. 19.) In support of this argument, Plaintiff relies on *Robinson v. Bates*, 857 N.E.2d 1195, 1200 (Ohio 2006), where the Ohio

8

Supreme Court held that "[b]oth the original medical bill rendered and the amount accepted as full payment are admissible" to prove the reasonable amount of medical expenses recoverable. Plaintiff maintains that it is improper for Defendants to argue that the higher amount of the medical bill rendered must be the measure of the amount in controversy while also arguing that the lower amount accepted as payment in full must be the measure of actual damages. However, such argument is without merit. As the Court in *Robinson* held, "the reasonable value of medical services is a matter for the jury to determine from all relevant evidence." *Id.* The relevant value for the purposes of determining the amount in controversy, therefore, is the value of the bill rendered. Moreover, as discussed at length above, in addition to the medical bills, Defendants also rely upon Plaintiff's own allegations of permanent mental and physical injuries, as well as the several other categories of damages he has alleged, to satisfy their burden.

In conclusion, although Plaintiff's Complaint does not set forth with specificity the amount of monetary damages he seeks, a "fair reading" of the Complaint, together with Defendants' evidentiary submissions, persuades the undersigned to conclude that Defendants have satisfied their burden of establishing that it is more likely than not that the amount in controversy exceeds $75,000. It is therefore **RECOMMENDED** that Plaintiff's Motion to Remand be **DENIED**.

### IV.

Under 28 U.S.C. § 1447(c), "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." An award of costs and fees under § 1447(c) is discretionary, "but subject to the guidance set forth by the Supreme Court in *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136–37 (2005)." *Warthman v. Genoa Twp. Bd. of Trs.*, 549 F.3d 1055, 1059 (6th Cir. 2008). In *Martin*, the

Supreme Court imposed an objective reasonableness standard, limiting a court's discretion to award fees to those cases in which "the removing party lacked an objectively reasonable basis for seeking removal." 546 U.S. at 141. The United States Court of Appeals for the Sixth Circuit has similarly held that an award of costs and fees under § 1447(c) "is inappropriate where the defendant's attempt to remove the action was fairly supportable, or where there has not been at least *some* finding of fault with the defendant's decision to remove." *Wartham*, 549 F.3d at 1059–60 (internal quotation marks and citation omitted). Generally, costs and fees awarded under § 1447(c) are awarded to the plaintiff, however, courts have found that the language of § 1447(c) permits costs and fees to be awarded to defendants. *See, e.g.*, *Shrader v. Legg Mason Wood Walker, Inc.*, 880 F. Supp. 366, 370 (E.D. Pa. 1995) ("Although awards to defendants will undoubtedly be rare, we find their authorization in the broad language of Congress's amendment to § 1447(c).").

Although Plaintiff did not prevail, his arguments in favor of remand are objectively reasonable. Because no unusual circumstances exist which would justify an award of fees and costs, it is **RECOMMENDED** that the Court decline to award Defendants attorney's fees and costs pursuant to § 1447(c).

## V.

In summary, for the reasons set forth above, it is **RECOMMENDED** that Plaintiff's Motion to Remand be **DENIED** and that Defendants' request for fees and costs pursuant to 28 U.S.C. § 1447(c) be **DENIED**.

### PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those

specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

       /s/ *Chelsey M. Vascura*
       CHELSEY M. VASCURA
       UNITED STATES MAGISTRATE JUDGE